UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Cindy L. Nolan,

**Plaintiff**

v.  Case No. 2:10-cv-988

Michael J. Astrue, Commissioner  Judge Michael H. Watson
of Social Security,  Magistrate Judge Abel

**Defendant**

## OPINION AND ORDER

This matter is before the Court on Defendant Michael J. Astrue's August 25, 2011 objections to Magistrate Judge Abel's August 11, 2011 Report and Recommendation. The Court, having reviewed the record *de novo*, overrules Defendant's objections and **ADOPTS** the Report and Recommendation.

Defendant argues that the Administrative Law Judge committed harmless error by omitting to mention Dr. Li's post-hearing assessment because the opinion was patently deficient. In the new assessment, Dr. Li indicated that Plaintiff had two to three migraines per month since July 2006, and the migraines incapacitated Plaintiff for two to three days at a time. The medical expert considered all of Dr. Li's treatment notes, and no further treatment notes were submitted in conjunction with his assessment submitted following the hearing. Defendant maintains that Dr. Li's assessment was inconsistent with his own treatment notes, and therefore the Administrative Law Judge did not err in failing to consider it. In May 2007, Dr. Li reported that Plaintiff had only

three headaches since January 2007 and stated that her headaches had lessened in severity. In September 2007, Dr. Li reported that Plaintiff had only two headaches since May. Dr. Li indicated that although these headaches had been more severe, they did not last as long.

The Commissioner's regulations define "medical opinions" as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2). Treating sources often express more than one medical opinion, including "at least one diagnosis, a prognosis and an opinion about what the individual can still do." SSR 96-2p, 1996 WL 374188, at *2. When an Administrative Law Judge fails to give a good reason for rejecting a treator's medical opinion, remand is required unless the failure does not ultimately affect the decision, i.e., the error is *de minimis*. *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 547 (2004). So reversible error is not committed where the treator's opinion "is patently deficient that the Commissioner could not possibly credit it;" the Administrative Law Judge's findings credit the treator's opinion or makes findings consistent with it; or the decision meets the goal of 20 C.F.R. § 1527(d)(2) but does not technically meet all its requirements. *Id*.

Here, the Administrative Law Judge's error was not harmless. Dr. Li's post-hearing assessment was that Plaintiff suffered from complicated migraines that would result in her missing four or more days of work per month. While the duration may appear to conflict with the frequency with which Plaintiff complained of migraines, Dr. Li

also found that Plaintiff's migraines were initially less severe with the Topamax, the next visit indicated they were more severe and associated with dizziness. Later, the pattern apparently changed again, with Plaintiff complaining of less severe but more persistent headaches. By March 2007, Plaintiff complained of daily headaches. The Court therefore cannot say that the post-hearing assessment was so patently deficient to excuse the Administrative Law Judge's complete omission of it. The Administrative Law Judge is required to provide the rationale for rejecting a treating doctor's opinion; he neglected to do so. As a result, this case must be remanded for consideration of Dr. Li's opinion.

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation. This case is **REMANDED** for further consideration of Dr. Li's opinion.

**IT IS SO ORDERED**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**